UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREG KENNEDY, | ) | CASE NO. 5:24-cv-1851 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| STARK COUNTY, OHIO PROBATE COURT | ) | |
| | ) | |
| DEFENDANT. | ) | |

In this *in forma pauperis* action, plaintiff Greg Kennedy challenges a decision of the Stark County, Ohio Probate Court imposing a guardianship on his mother. (Doc. No. 1.) While the complaint lack clarity, it appears to allege that the guardianship is unnecessary, that Kennedy's mother has been mistreated, and that several of her constitutional rights have been violated. (*See id.* at 1–2 ("I GREG KENNEDY am filing this writ because me and my mother are being terrorized and bullied and assaulted by the probate court of stark county ohio.").) Kennedy seeks various forms of relief, including a writ of habeas corpus and an order to obtain certain evidence. (*Id.* at 3.) For the reasons explained below, Kennedy's motion to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED** and this case is **DISMISSED**.

The Court has "a duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern.*, 556 F.3d 459, 465 (6th Cir. 2009) (citation omitted). The Federal Rules direct a court to

dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3). Moreover, under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court must screen an *in forma pauperis* complaint to determine whether it fails to state a claim. The "vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes the ability to screen for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (collecting cases).

Here, the Court's subject matter jurisdiction is limited by the *Rooker-Feldman* doctrine,[1] which provides that "federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that the state court's action was unconstitutional." *Carr v. Spencer*, 13 F. App'x 296, 298 (6th Cir. 2001) (cleaned up). Put differently, *Rooker-Feldman* prevents a party from taking "an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 1203, 163 L. Ed. 2d 1059 (2006). Only the United States Supreme Court is empowered to review state-court judgements, *Carr*, 13 F. App'x at 298, and even then, only if they come from "the highest court of a State[.]" 28 U.S.C. § 1257.

Consistent with *Rooker-Feldman*, federal courts routinely dismiss challenges to state-court guardianship decisions for lack of subject matter jurisdiction. *See, e.g.*, *Hill v. Zore*, 671 F. App'x 379, 380 (7th Cir. 2016); *Mann v. Boatright*, 477 F.3d 1140, 1145–47 (10th Cir. 2007); *Carr*, 13 F. App'x at 297–98; *Geller v. Michigan*, No. 17-13233, 2019 WL 2150393, at *9–11 (E.D. Mich. Apr. 26. 2019), *recommendation adopted sub nom. Boucher v. Michigan*, 2019 WL

---

[1] The *Rooker-Feldman* doctrine originates in two Supreme Court cases: *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

2143202 (E.D. Mich. May 16, 2019); *Fried v. Reeves*, No. 1:09-cv-1017, 2009 WL 5216063, at *2–3 (W.D. Mich. Dec. 29, 2009). Because "the Court simply could not grant [plaintiff] the relief he seeks without undoing" the decision of the state court appointing a guardian, the Court lacks jurisdiction. *Geller*, 2019 WL 2150393, at *9. Instead, the "recourse available to plaintiff in response to adverse state-court decisions was to pursue timely appeals in the [state court of appeals], thereafter seek leave to appeal to the [state supreme court], and if necessary apply for a writ of *certiorari* to the United States Supreme Court." *Fried*, 2009 WL 216063, at *2 (citation omitted).

Additionally, the complaint is extremely sprawling in scope, and contains vague allegations that arguably fall outside the *Rooker-Feldman* doctrine. For example, Kennedy frequently refers to his mother's and his own rights as one and the same before asserting that such rights have been violated by the appointed guardian, the probate court judge and various judicial staff, prosecutors, law enforcement agencies, nursing home employees, and hospital staff. (*See generally* Doc. No. 1.) To the extent Kennedy does not directly challenge the guardianship order but instead takes issue with the conduct of the guardian, the Court lacks jurisdiction over those aspects of the claims as well because they are "inextricably intertwined with the judgment of the state court." *Geller*, 2019 WL 2150393, at *9 (citation omitted); *see also M.F. ex rel. Branson v. Malott*, No. 1:11-cv-807, 2012 WL 1950274, at *5 (S.D. Ohio May 30, 2012), *recommendation adopted*, 2012 WL 3527176 (S.D. Ohio Aug. 15, 2012). And to the extent Kennedy intended to press claims on his own behalf, the Court cannot discern a factual or legal basis for any such claims, nor does Kennedy seek redress for any harms to himself. Any such claims would therefore also be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). If any

3

other intended claims remain, the Court is at a loss to discern precisely what they are, and such claims would be subject to dismissal for failure to satisfy federal pleading standards. Fed. R. Civ. P. 8(a).[2]

Accordingly, this case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 31, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[2] The complaint likely warrants dismissal on other grounds as well. First, the state probate court—the only defendant named in the case—is not a legal entity that can be sued. *See, e.g.*, *Branson*, 2012 WL 1950274, at *3 ("[T]he 'Probate Division' of the Highland County Court of Common Pleas should be dismissed because it is not a legal entity capable of being sued."). Second, Kennedy is not a lawyer and cannot represent his mother in federal court. *See, e.g.*, *Mann*, 477 F.3d at 1149–50 (finding that plaintiff could not challenge guardianship on behalf of her father in a *pro se* capacity because she was not a licensed attorney in the jurisdiction). Third, it is not clear that Kennedy can sue on behalf of his mother. *See, e.g.*, *Branson*, 2012 WL 1950274, at *3–4 (finding that plaintiff lacked standing to sue on behalf of his mother who was subject to a guardianship); *Sarhan v. Rothenberg*, No. 07-22818, 2008 WL 2474645, at *5 (S.D. Fla. June 17, 2008) (noting a "serious question" about "whether [plaintiff] can pursue the relief he seeks to the extent he does so on behalf of his mother").